Kevin J. Leichter, Esq. (SBN 154143)
Steven J. Aaronoff, Esq. (SBN 158921)
THE LEICHTER FIRM, APC
10203 Santa Monica Boulevard
Fourth Floor
Los Angeles, California 90067
Tel: 310.229.0000
Email: kleichter@theleichterfirm.com
Email: saaronoff@theleichterfirm.com

Attorneys for Defendants
Echo Bridge Acquisition Corp., LLC,
Steven Paul, and SP Releasing, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVEST AID, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PAUL, an individual, ECHO BRIDGE ACQUISITIONS CORP. LLC, a Delaware limited liability company, and SP RELEASING, LLC a California limited liability company,<br><br>Defendants. | Case No. 2:21-cv-4154-FMO-KS<br><br>Hon. Fernando M. Olguin<br>Courtroom 6D<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ECHO BRIDGE ACQUISITION CORP. LLC, STEVEN PAUL, AND SP RELEASING, LLC TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: May 19, 2021<br>Trial Date:    None set |

Defendant Echo Bridge Acquisition Corp., LLC, sued erroneously herein as Echo Bridge Acquisitions Corp. LLC ("EBAC"), defendant Steven Paul ("Paul"), and defendant SP Releasing, LLC ("SP") (collectively, "Defendants") hereby respond to the Complaint of plaintiff Harvest Aid, LLC ("Plaintiff") as follows:

## NATURE OF ACTION

1. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

## THE PARTIES

2. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

5. Defendants admit the allegations in this paragraph.

6. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

7. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

8. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

9. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

10. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

11. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

12. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

## JURISDICTION AND VENUE

13. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

14. Defendants admit that Defendants transact business in this judicial district, but except as expressly admitted, the remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

## FACTUAL BACKGROUND

15. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

16. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

17. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

19. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

20. Defendants lack knowledge or information sufficient to form a belief regardinthe allegations in this paragraph, and therefore deny them.

21. Defendants lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore denies them.

22. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

23. Defendants admit that, on or about January 17, 2018, Wax Works, Inc. ("Wax Works") entered into an agreement with SP to distribute DVDs of the Picture to Walmart, but except as expressly admitted, Defendants deny the allegations in this paragraph.

24. Defendants admit that Wax Works did not grant SP the right to distribute DVDs of the Picture to any retailer or entity other than Walmart, but except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

25. Defendants admit that Wax Works did not grant SP the right to replicate and/or manufacture DVDs of the Picture, but except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

26. Defendants admit that SP has in the past distributed DVDs of the Picture to Walmart, but except as expressly admitted, Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph that "the first batch of DVDs sold out," and as to the other allegations in this paragraph, Defendants deny that "Defendants requested more DVDs from Wax Works," and Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

28. Defendants deny the allegations in this paragraph.

29. Defendants deny the allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

31. Defendants deny the allegations in this paragraph to the extent that Plaintiff alleges that EBAC, or any of Defendants, sold DVDs to Jax in any amount at any point in time from any location, and further, with respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

32. Defendants deny the allegations in this paragraph to the extent that Plaintiff alleges that EBAC sold DVDs to Jax in any amount at any point in time from any location, and further, with respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

33. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

34. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

35. Defendants deny the allegations in this paragraph to the extent that Plaintiff alleges that EBAC shipped or sold DVDs to Jax in any amount at any point in time from any location, and further, with respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

36. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

37. Defendants lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

38. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

39. Defendants deny the allegations in this paragraph to the extent that Plaintiff alleges that EBAC shipped or sold DVDs to Jax in any amount at any point in time from any location, and further, with respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

40. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

41. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

42. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

43. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

44. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

45. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

**FIRST PURPORTED CAUSE OF ACTION**

46. No response is required to the allegations of this paragraph.

47. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

48. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

49. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

50. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

51. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

52. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny them.

53. Defendants admit that Plaintiff never granted Defendants a license to manufacture copies of the Picture, but deny that Defendants ever manufactured any copies of the Picture.

54. Defendants admit that Defendants "never maintained a license to distribute counterfeit copies of the Picture[,]" but deny that Defendants ever knowingly distributed counterfeit copies of the Picture.

55. Defendants admit the allegations in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

61. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

62. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

63. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

64. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

65. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

66. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

## SECOND PURPORTED CAUSE OF ACTION

67. No response is required to the allegations of this paragraph.

68. No response is required to the allegations of this paragraph.

69. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

70. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

71. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

72. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

73. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

74. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

75. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Defendants deny each and every allegation, averment, conclusion of law, and statement not specifically admitted above. Defendants also deny that Plaintiff suffered damages and deny that Plaintiff is entitled to any relief by statute, law, equity, or otherwise, from Defendants, or any of them.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants EBAC, Paul, and SP further respond to Plaintiff's Complaint by alleging the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

76. Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

77. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims and/or because the claims are more properly asserted by another.

### THIRD AFFIRMATIVE DEFENSE
### (No Subject Matter Jurisdiction)

78. Plaintiff's Complaint and each claim therein is barred, in whole or in part, because there is not federal subject matter jurisdiction over this dispute between the parties.

### FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

79. Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged. Specifically, Plaintiff would be recovering damages to which it is not entitled because it granted Wax Works express consent to license or assign to SP the rights obtained by virtue of the agreements at issue in this action.

### FIFTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law / No Injunctive Relief)

80. Plaintiff's claim for injunctive relief is barred in light of the fact that it has an adequate remedy at law, and therefore, is not entitled to equitable relief. Plaintiff's claim for injunctive relief is also barred in light of the fact that it has not suffered and will not suffer irreparable harm due to any alleged conduct by Defendants. Defendants dispute that Plaintiff suffered any harm whatsoever; but if Plaintiff is able to prove harm, Plaintiff has an adequate remedy at law in the form of monetary damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

81. If Plaintiff suffered any damages, it would be because Plaintiff did not timely take reasonable steps to mitigate its alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

82. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrines of estoppel and waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Real Party in Interest)**

83. Plaintiff's claims are barred because Plaintiff is not the real party in interest.

**NINTH AFFIRMATIVE DEFENSE**

**(Alleged Damages Not Caused By The Defendants)**

84. Plaintiff's claims are barred because to the extent that Plaintiff suffered any of the damages alleged, such damages were not caused by any actions or omissions by these Defendants, but, rather, were caused by the actions or omissions of Plaintiff and/or of other persons not named as defendants in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Justification/Privilege)**

85. The Complaint, and each of the purported causes of action therein, are barred because the Defendant's acts and/or omissions were justified and/or privileged under statutory and/or common law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Actual Injury)

86. The Complaint, and each of the purported causes of action therein, is barred because Plaintiff has suffered no actual injury as a result of Defendants' conduct or of any omission by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(Other Defenses)

87. Defendants intend to rely on any other defenses that may be available by law, or pursuant to statute, of which Defendants become aware as a result of discovery or otherwise during the course of this matter, and hereby reserve the right to assert such defenses.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants EBAC, Paul, and SP hereby demand trial by jury as to all issues so triable in this action.

Dated: July 15, 2021

THE LEICHTER FIRM,
A Professional Corporation

By: _/s/ Kevin J. Leichter_____
Kevin J. Leichter, Esq.
Steven J. Aaronoff, Esq.
Attorneys for Defendants Echo Bridge Acquisition Corp. LLC, Steven Paul, and SP Releasing, LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10203 Santa Monica Boulevard, 4th Floor, Los Angeles, CA 90067.

On July 15, 2021, I served the foregoing document(s) described **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ECHO BRIDGE ACQUISITION CORP. LLC, STEVEN PAUL, AND SP RELEASING, LLC TO PLAINTIFF'S COMPLAINT- JURY TRIAL DEMANDED** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following addresses:
**See Attached Service List**.

☐ **(BY MAIL)** I deposited the foregoing document(s) in a sealed envelope for collection by the United States Postal Service this same day in the ordinary course of business. Service made pursuant to this paragraph0, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☒ **(BY ELECTRONIC SERVICE)** I am submitting the document(s) identified above for filing which caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by Fed Ex, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s) or at the court hearing.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on July 15, 2021 at Los Angeles, California.

             */s/ Kevin J. Leichter*
             KEVIN J. LEICHTER

Proof of Service

# SERVICE LIST

Addressee(s)

                        Attorneys for Plaintiff Harvest Aid, LLC

Justin R. Trauben, Esq.
Singh, Singh & Trauben, LLP
400 S. Beverly Drive, Suite 240
Beverly Hills, CA  90212
Telephone: (310) 856-9705
Facsimile:  (888) 734-3555
Email:  jtrauben@singhtraubenlaw.com