Kevin J. Leichter, Esq.  (SBN 154143)
Steven J. Aaronoff, Esq. (SBN 158921)
THE LEICHTER FIRM, APC
10203 Santa Monica Boulevard
Fourth Floor
Los Angeles, California 90067
Tel: 310.229.0000
Email: kleichter@theleichterfirm.com
Email: saaronoff@theleichterfirm.com

Attorneys for Defendants/Third-Party Plaintiffs
Echo Bridge Acquisition Corp., LLC,
Steven Paul, and SP Releasing, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEST AID, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PAUL, an individual,  ECHO BRIDGE ACQUISITIONS CORP. LLC, a Delaware limited liability company, and SP RELEASING, LLC a California limited liability company,<br><br>Defendants.<br>―――――――――――――――――――<br>STEVEN PAUL, an individual; ECHO BRIDGE ACQUISITION CORP., LLC, a Delaware limited liability company, and SP RELEASING, LLC, a California limited liability company,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>WAX WORKS, INC., a Kentucky corporation, and DOES 1 through 50, inclusive, | Case No. 2:21-cv-4154-SSS-KS<br><br>Hon. Sunshine S. Sykes<br>Courtroom 2, 2nd Floor<br>3470 12th Street, Riverside, CA 92501<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS/COUNTERCLAIM DEFENDANTS ECHO BRIDGE ACQUISITION CORP. LLC, STEVEN PAUL, AND SP RELEASING, LLC TO THIRD PARTY DEFENDANT WAX WORKS, INC.'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:      May 19, 2021<br><br>Third Party<br>Complaint Filed:     August 13, 2021<br><br>Counterclaims Filed:  August 17, 2022<br><br>Trial Date:           July 17, 2023 |

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

Third-Party Defendants.

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

Defendants and Third-Party Plaintiffs Echo Bridge Acquisition Corp., LLC, ("EBAC"), Steven Paul ("Paul"), and SP Releasing, LLC ("SP") (collectively, "Counterclaim Defendants") hereby respond to the Counterclaims of Third-Party Defendant Wax Works, Inc. ("Wax Works") as follows:

## THE PARTIES

1.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants admit them.

## THE PARTIES

2.   Counterclaim Defendants admit the allegations in this paragraph.

3.   Counterclaim Defendants admit the allegations in this paragraph.

4.   Counterclaim Defendants admit the allegations in this paragraph.

5.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

6.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

7.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

8.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

9.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

**ANSWER AND AFFIRMATIVE DEFENSES OF COUNTERCLAIM DEFENDANTS TO THIRD PARTY DEFENDANT WAX WORKS, INC.'S COUNTERCLAIMS**

10.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

11.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

12.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

13.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny them.

## JURISDICTION AND VENUE

14.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore deny them.

15.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants admit that SP is organized and existing under California law, that EBAC's personal place of business is located in Los Angeles County, and that Paul resides in Los Angeles County.

16.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants admit them.

## FACTUAL BACKGROUND

17.     Counterclaim Defendants admit that, on or about January 17, 2018, Wax Works, Inc. ("Wax Works") entered into an agreement with SP to distribute

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

2

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

DVDs of the Picture, but except as expressly admitted, Counterclaim Defendants deny the allegations in this paragraph.

18.     Counterclaim Defendants admit that Wax Works granted SP an exclusive license to distribute DVD units of the Picture to WalMart stores in the designated territory.

19.     Counterclaim Defendants admit the allegations in this paragraph.

20.     Counterclaim Defendants admit the allegations in this paragraph.

21.     Counterclaim Defendants admit the allegations in this paragraph.

22.     Counterclaim Defendants admit the allegations in this paragraph.

23.     Counterclaim Defendants admit that, in its Complaint, Plaintiff alleges, among other things, that Counterclaim Defendants manufactured unauthorized copies of the Picture for distribution through WalMart, and that Plaintiff alleges that Counterclaim Defendants counterfeited DVD copies of the Picture and sold them to Jax Distribution, but except as expressly admitted, Counterclaim Defendants deny the allegations in this paragraph.

24.      Counterclaim Defendants admit that, in its Complaint, Plaintiff alleges that Jax Distribution purchased ten pallets of DVDs from EBAC's warehouse in Wisconsin, and that Plaintiff further alleges that each pallet Jax purchased contained approximately 2,000 DVDs.

25.     Counterclaim Defendants admit that on July 29, 2021, Third-Party Plaintiffs filed a Third-Party Complaint against Wax Works, but except as expressly admitted, Counterclaim Defendants deny the allegations in this paragraph.

26.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

27.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

28.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

29.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

## <u>FIRST PURPORTED CAUSE OF ACTION</u>

30.     No response is required to the allegations of this paragraph.

31.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny that Wax Works is entitled to enforce any purported rights pursuant to the Distribution Agreement.

32.     Counterclaim Defendants admit that Third-Party Plaintiffs and Wax Works entered into the Distribution Agreement, but except as expressly admitted, Counterclaim Defendants deny the allegations in this paragraph.

33.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

34.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

35.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

36.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

## SECOND PURPORTED CAUSE OF ACTION

37.    No response is required to the allegations of this paragraph.

38.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny that Wax Works is entitled to enforce any purported rights pursuant to the Distribution Agreement.

39.    Counterclaim Defendants admit that Third-Party Plaintiffs and Wax Works entered into the Distribution Agreement, but except as expressly admitted, Counterclaim Defendants deny the allegations in this paragraph.

40.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

41.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

42.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

43.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

44.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a further response is required, Counterclaim Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Counterclaim Defendants deny each and every allegation, averment, conclusion of law, and statement not specifically admitted above.  Counterclaim Defendants also deny that Wax Works suffered damages and deny that Wax Works

5

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

1  is entitled to any relief by statute, law, equity, or otherwise, from Counterclaim

2  Defendants, or any of them.

3  <u>**COUNTERCLAIM DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

4  Without assuming the burden of proof on any matters that would otherwise

5  rest with Wax Works, and expressly denying any and all wrongdoing, Counterclaim

6  Defendants EBAC, Paul, and SP further respond to Wax Works' Counterclaims by

7  alleging the following affirmative defenses.

8  <u>**FIRST AFFIRMATIVE DEFENSE**</u>

9  **(Failure to State a Claim)**

10  45.    Wax Works' Counterclaims and each claim therein are barred in whole

11  or in part because they fail to state a claim upon which relief can be granted.

12  <u>**SECOND AFFIRMATIVE DEFENSE**</u>

13  **(Lack of Standing)**

14  46.    Wax Works' Counterclaims and each claim therein are barred in whole

15  or in part because Wax Works lacks standing to assert the claims and/or because the

16  claims are more properly asserted by another.

17  <u>**THIRD AFFIRMATIVE DEFENSE**</u>

18  **(No Subject Matter Jurisdiction)**

19  47.    Wax Works' Counterclaims and each claim therein is barred, in whole

20  or in part, because there is not federal subject matter jurisdiction over this dispute

21  between the parties.

22  <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

23  **(Unjust Enrichment)**

24  48.    Wax Works' Counterclaims and each claim therein are barred, in whole

25  or in part, because Wax Works would be unjustly enriched if it was allowed to

26  recover any part of the damages alleged.  Specifically, Wax Works would be

27  recovering damages to which it is not entitled because Wax Works expressly

28

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

consented to license to SP the rights obtained by virtue of the agreements at issue in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

49.     If Wax Works suffered any damages, it would be because Wax Works did not timely take reasonable steps to mitigate its alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

50.     The Counterclaims, and each purported claim or cause of action therein, are barred, in whole or in part, by the doctrines of estoppel and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Real Party in Interest)

51.     Wax Works' Counterclaims and each claim therein are barred because Wax Works is not the real party in interest.

## EIGHTH AFFIRMATIVE DEFENSE

### (Alleged Damages Not Caused By The Counterclaim Defendants)

52.     Wax Works' Counterclaims and each claim therein are barred because to the extent that Wax Works suffered any of the damages alleged, such damages were not caused by any actions or omissions by these Counterclaim Defendants, but, rather, were caused by the actions or omissions of Wax Works and/or of other persons not named as defendants in the Counterclaims.

## NINTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

53.     The Counterclaims, and each of the purported causes of action therein, are barred because the Counterclaim Defendants' acts and/or omissions were justified and/or privileged under statutory and/or common law.

## TENTH AFFIRMATIVE DEFENSE

### (No Actual Injury)

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

7

54.     The Counterclaims, and each of the purported causes of action therein, are barred because Wax Works has suffered no actual injury as a result of Counterclaim Defendants' conduct or of any omission by Counterclaim Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

(Other Defenses)

55.     Counterclaim Defendants intend to rely on any other defenses that may be available by law, or pursuant to statute, of which Counterclaim Defendants become aware as a result of discovery or otherwise during the course of this matter, and hereby reserve the right to assert such defenses.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Counterclaim Defendants EBAC, Paul, and SP hereby demand trial by jury as to all issues so triable in this action.

Dated:  August 30, 2022

THE LEICHTER FIRM,
A Professional Corporation


By:  _/s/ Kevin J. Leichter_____
      Kevin J. Leichter, Esq.
      Steven J. Aaronoff, Esq.
      Attorneys for Counterclaim
      Defendants/Third-Party Plaintiffs
      Echo Bridge Acquisition Corp.
      LLC, Steven Paul, and SP
      Releasing, LLC

THE LEICHTER FIRM
A PROFESSIONAL CORPORATION

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10203 Santa Monica Boulevard, 4th Floor, Los Angeles, California 90067.

On August 30, 2022, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS/COUNTERCLAIM DEFENDANTS ECHO BRIDGE ACQUISITION CORP. LLC, STEVEN PAUL, AND SP RELEASING, LLC TO THIRD PARTY DEFENDANT WAX WORKS, INC.'S COUNTERCLAIMS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following addresses:

### **SEE SERVICE LIST**

☐ **BY U.S. MAIL:** I deposited the foregoing document(s) in a sealed envelope at the United States Postal Service this same day in the ordinary course of business with postage thereon fully prepaid.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☒ **(BY ELECTRONIC SERVICE)** I am submitting the document(s) identified above for filing through **Pacer/CMF**, which caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the addressees at their business offices.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 30, 2022, at Los Angeles, California.

_____
*Doria Nappi*
DORIA NAPPI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Addressee(s)

Attorneys for Plaintiff Harvest Aid, LLC

JUSTIN R. TRAUBEN, Esq.
Singh, Singh & Trauben, LLP
400 S. Beverly Drive, Suite 240
Beverly Hills, CA  90212
Telephone: (310) 856-9705
Email:  jtrauben@singhtraubenlaw.com

Attorneys for Wax Works, Inc.

MICHAEL L. GALLION, Esq.
DAVID VAN PELT, Esq.
BRIAN M. NOH, Esq.
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Email: michael.gallion@akerman.com
Email: david.vanpelt@akerman.com
Email: brian.noh@akerman.com

Proof of Service