UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:21-cv-04154-SSS-KSx | Date | March 21, 2025 |
|---|---|---|---|
| Title | *Harvest Aid, LLC, v. Steven Paul, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [DKT. 347]**

## I. INTRODUCTION

On February 4, 2025, Plaintiff Harvest Aid, LLC filed a Motion for Attorney Fees and Costs (the "Motion"). [Dkt. 347]. The Motion is fully briefed. [Dkt. 351 ("Opp."); Dkt. 352 ("Reply")]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the Motion is **GRANTED**.

## II. BACKGROUND

The Court will not repeat the facts of this case for the sake of brevity. On June 27, 2024, a unanimous jury found each Defendant liable for willful copyright infringement and circumventing the copyright protections systems in the DVDs of *I Believe* and awarded the maximum allowable statutory damages of $152,500.00 to Plaintiff. [Dkt. 244]. After Plaintiff secured a jury verdict at trial, Plaintiff filed its motion for attorneys' fees on September 24, 2024, 14 days after the Court entered Judgment against Defendants. [Dkt. 271]. On December 4, 2024, the Court denied Plaintiff's motions for fees for failure to comply with L.R. 7-3. [*See* Dkt. 323]. Plaintiff filed a motion for reconsideration, which this Court denied,

Ordering Plaintiff to file its motion for attorneys' fees after conferring with Defendants' counsel. [Dkt. 345].

## III. DISCUSSION

### A. Copyright Act and the Digital Millenium Copyright Act

Both the Copyright Act and the Digital Millenium Copyright Act ("DMCA") allow a prevailing plaintiff to recover reasonable costs and attorney's fees. 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4)–(5). Under Section 505, a court may award a reasonable attorneys' fee only to the "prevailing party" if doing so would further the purposes of the Copyright Act. *Id.; Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007).

Deciding a fees motion under the Copyright Act (the "Act") involves two steps: "first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." *Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009). In deciding whether an award is appropriate, a prevailing plaintiff must have a timely registration, and courts then assess: (1) whether the moving party is the prevailing party; and (2) whether discretion should be exercised in favor of awarding fees. *Id*. Here, Plaintiff Harvest Aid, LLC holds a timely registration and is the prevailing party as they were awarded the verdict at trial. [Dkt. 244]. As such, Plaintiff can claim attorneys' fees if it would further the purpose of the Copyright Act.

Plaintiff argues their Motion should be granted because the relevant factors under the Act militate in favor of awarding fees. [Motion at 11–13]. Specifically, Plaintiff argues that (1) their victory at trial was a "complete victory", (2) their claims were reasonable and nonfrivolous whereas Defendants' positions were largely meritless, (3) their motivation was to protect their artwork and the attendant copyrights, and (4) granting the Motion furthers the Act's purpose to encourage companies like Plaintiff to enforce their copyrights and deter those like Defendants seeking to evade liability for infringement. [*Id*. at 13–17]. Plaintiff also states that they should be awarded attorneys' fees because of the vast disparity between the resources of Plaintiff and Defendants and the risk they incurred in litigating this case through trial. [*Id*.].

In response, Defendants first assert that Plaintiff waived their right to seek attorneys' fees because their Motion is untimely under Fed. R. Civ. P. 54 as it was filed 134 days after the entry of judgment, which is much later than the 14-day statutory deadline. [Opp. at 10–20]. Defendants also claim granting the Motion

will not further the purposes of the Act and the sound discretion of the Court strongly militates against an award of requested attorneys' fees. [*Id.* at 21]. Defendants insist that (1) the "degree" of Plaintiff's success was not very high as their damages award was much less than the initial request, (2) Defendants' defenses were neither frivolous nor objectively unreasonable because they insist they did not counterfeit the DVD, (3) they were motivated to steadfastly defend themselves against Plaintiff's claims, and (4) there is "no strong need to advance considerations of compensation and deterrence here." [*Id*. at 21–22].

To begin, the Court dispenses with Defendants' argument that the Motion should be denied as untimely under Fed. R. Civ. P. 54 because it was filed much later than the 14-day statutory deadline. In the Court's prior order denying the Motion for Reconsideration, it clearly stated that "Plaintiff may file a new motion for attorney's fees after having met and conferred with Defendants pursuant to C.D. Cal. R. 7-3." [Dkt. 345]. The text of Fed. R. Civ. P. 54 states that a motion for attorney's fees must be filed no later than 14 days after the entry of judgment "*unless a statute or court order provides otherwise*." (emphasis added). Here, the Court's order clearly granted Plaintiff leave to file the current Motion with the knowledge that the statutory deadline had long since passed. As such, the Court holds that the Motion was timely filed.

While a prevailing party bears the burden of establishing that the Court should exercise its discretion to award fees, such fees should be awarded whenever such an award would support the statutory purposes of the Act, including compensating copyright holders and punishing and deterring infringers, and exceptional circumstances are in no way a prerequisite. *Historical Research v. Cabral*, 80 F.3d 377, 378–79 (9th Cir. 1996). In *Kirtsaeng*, the Supreme Court clarified the factors to consider in determining the propriety of a fee award: motivation, the objective unreasonableness of the losing party's factual and legal arguments, the degree of success obtained, the need to advance considerations of compensation and deterrence, and frivolousness. *Kirtsaeng v. John Wiley & Sons, Inc*., 579 U.S. 197, 202 (2016).

Here, the Court finds that the majority of the relevant factors militate in favor of granting Plaintiff's Motion. While Defendants dispute the relative degree of Plaintiff's success at trial, Plaintiff ultimately obtained a favorable judgment of $152,500 and Defendants were found liable for willful copyright infringement. [*See* Dkt. 243]. This is a relatively high degree of success given the high-risk nature of trial and, thus, the first factor weighs in favor of Plaintiff.

As to the second factor, Plaintiff's claims were reasonable and nonfrivolous as they were meant to defend the copyright of their artwork and asserted valid claims under statutory law. Defendants concede this factor as they offer no substantive argument in support of their opposition, so this factor favors Plaintiff. As to the third factor, Plaintiff's motivation to defend their copyright furthers the purpose of the Act to compensate copyright holders and deter infringers. *See Cabral supra*. While Defendants have the right to defend themselves against all claims of infringement, their defense does not further the purpose of the Act. As such, the third factor favors Plaintiff.

Finally, the fourth factor favors Plaintiff because an award of fees would further the purpose of the Act by compensating copyright holders such as Plaintiff and deterring infringers such as Defendants. Just as in their approach to the second factor, Defendants do not offer any substantive argument against Plaintiff's position and, thus, concede the fourth factor in favor of Plaintiffs. Accordingly, the Court finds that all four factors militate in favor of awarding fees to Plaintiff and further the purposes of the Act. As such, an award of fees is recoverable.

**B. Attorneys' Fees and Costs of Litigation**

Plaintiff seeks a total of $605,035.92 in fees, costs, and post-judgment interest for 1,017.55 hours of work. [Motion at 23]. This amount consists of (1) $576,010.60 in attorneys' fees, (2) 26,638.80 in costs, and (3) $2,386.52 in post-judgment interest. [*Id.*].

Plaintiff insists that the Motion should be granted because the rate and hours billed are reasonable due to the heavily litigated nature of the case and the high degree of skill and prestige of their counsel's representation. [*Id.* at 19–22]. Specifically, Plaintiff states that Defendants seemingly "took great pains to make this litigation as time consuming and arduous for Harvest Aid as possible." [*Id.*]. In addition, Plaintiff claims their counsel's rates are reasonable because Doniger/Burroughs is one of the most experienced and successful copyright law specialists in the United States and their rates have been approved multiple times by different judges in the Central District of California. [*Id.*]. Plaintiff's counsel's billing rates range from $410 per hour to $835 per hour. [Dkt. 347-1,2]. Plaintiff also asserts they should be awarded full costs reasonably incurred as a prevailing party under the Act for "service of process, deposition expenses, copying, computer assisted legal research, expert witness fees, and travel costs. [Motion at 22]. Lastly, Plaintiff requests post-judgment interest at a rate of 4.08 percent from September 10, 2024. [*Id.* at 23].

In response, Defendants argue that Plaintiff is not entitled to attorneys' fees in part because there is no evidence that the claimed fees were paid by Plaintiff or that Plaintiff agreed to be financially responsible for paying its attorneys' fees. [Opp. at 23]. Defendants also contend that the amount requested by Plaintiff is unreasonable and excessive because of the limited number of depositions taken in the case, the lack of complex litigation, and Plaintiff's problematic billing practices. [*Id*. at 24]. Defendants criticize Plaintiff's use of "block billing" which obscures the true nature and duration of the tasks performed. [*Id*. at 29]. Defendants support their position by including specific billing entries that they find to be unreasonable, excessive, or impermissible examples of block billing. [*Id*. at 25–35].

### 1. **Reasonableness of Requested Attorneys' Fees**

To determine a reasonable fee, the court multiplies the "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Once calculated, the "lodestar" is presumptively reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see also Fisher v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (the lodestar figure should only be adjusted only in rare and exceptional cases). Once the applicant submits appropriate evidence supporting its fee application the burden shifts to the opposing party to submit evidence challenging the accuracy and reasonableness of charges. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992).

The Court finds that the hours spent working on this matter and included with the Motion are reasonable. This was a heavily litigated case that spanned several years with heavy motion practice and a trial. Plaintiff indicates that 1,017.55 total hours of work were spent on this case and the Court finds that to be reasonable.

The Court is satisfied that Plaintiff's billing rates are also reasonable. Plaintiff provides billing records as evidence in support of their fees and supports their counsel's rates by citing to several cases in this district where courts have found their rates, and even higher rates to be reasonable. *Fischer*, 214 F.3d at 1121 (attorney "is not required to record in great detail how each minute of his time was expended [but] can meet his burden … by simply listing his hours and identifying the general subject matter of his time expenditures."); [Dkt. 347-1 at 3–4]. While $835 per hour is high, Mr. Doniger correctly points out that his rate is significantly lower than those charged by attorneys at "big law firms" in the Los Angeles legal community (over $2,200 per hour), and a court in this district recently approved a

lead attorney's rate of $997.52 per hour. [*Id.*]; *Blueprint Clothing Corp. v. Chico's FAS, Inc*, (C.D. Cal., July 23, 2024) (approving hourly rates of $997.52 for the work of defendant's lead attorney, $589.53 for the work of fourth-year associate, and $660 for the work of fourth-year associate).

Plaintiff's argument is supported by the fact that in an action under the Act, an award based on actual rates charged by counsel has consistently been held to be reasonable under 17 U.S.C. § 505. *See, e.g., Kourtis v. Cameron*, 358 Fed.Appx. 863, 868 (9th Cir.2009). The Court is unpersuaded by Defendants' response merely asserting that some billing entries are unreasonable and excessive and citing to a Ninth Circuit case where a court affirmed a 65% reduction of attorneys' fees without providing substantive reasoning in support. [Opp. at 24–29]. While block billing is disfavored by the courts in this circuit, the Court is not convinced that the examples Defendants provide constitute block billing. "'Block billing' is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted). In the examples Defendants provide, the individual tasks are clearly specified and related, the total time is minimal, and the Court can readily evaluate the work performed. As such, the Court finds that Plaintiff's counsel's rates and hours are reasonable.

### 2. <u>Reasonableness of Costs</u>

Plaintiff requests an award of costs and maintains that they may recover "full costs" under Section 505 of the Act. [Motion at 22]. Plaintiff insists that the costs incurred in the litigation are recoverable under the statute and amount to $26,638.80. [*Id.*]. Defendant merely indicates that courts have discretion to disallow costs that were unreasonably sought or incurred but provides no evidence in support of this argument. [Opp. at 24].

The Act's use of the term "full costs" means that "district courts may award otherwise non-taxable costs, including those that lie outside the scope of [28 U.S.C.] § 1920, under § 505." *Perfect 10, Inc. v. Giganews, Inc.*, at *6 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) *citing Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir.2005). In addition to regular taxable costs, allowable costs under section 505 include costs for service of process, depositions expenses, copying, computer assisted legal research, expert witness fees, and travel costs. *See, e.g., Kourtis v. Cameron, supra*, 358 Fed.App'x. at 868 (expert witness fees allowable as non-taxable costs under § 505); *ExperExchange, Inc. v. Doculex, Inc.*, 2010 WL 1881484, at *12

(N.D.Cal. May 10, 2010) (expert fees and travel costs allowable as costs under § 505); *Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *6 (N.D.Cal. Sept.5, 2008) (allowing "legal research and courier fees" as costs under § 505); *Atl. Recording Corp. v. Andersen*, No. CV 05–933 AC, 2008 WL 2536834, at *19 (D.Or. June 24, 2008) ("In this circuit, charges for computer-assisted legal research are recoverable as costs if they are ordinarily billed to clients separately."), *citing Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co*., 460 F.3d 1253, 1258–1259 (9th Cir.2006).

The Court finds that all the costs Plaintiff seeks are recoverable under Section 505 of the Act and **GRANTS** the request for an award of costs. [*See* Dkt. 347-17, Ex. 13].

### 3. The "Haircut"

Courts may exercise their discretion in awarding attorneys' fees by whittling down the fee award by five to ten percent to account for duplicative or excessive billings. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation ... we don't require the explanation to be elaborate, but it must be clear."). As discussed above, the billings are generally meritorious and reasonable with suitably detailed time entries such that the Court is well-apprised of how counsel spent its time litigating this action. However, the Court's review of the exhibits attached to the motion revealed some expenses that the Court finds excessive. For example, 2.1 hours to review an email with opposition to motion to continue expert deadline on June 29, 2023, is excessive for one email. [Dkt. 347-18 at 14]. Therefore, though the requested fees and costs are largely reasonable, the Court exercises its discretion in deducting 10% from the total attorneys' fees to be paid to Doniger/Burroughs.

As such, the Court reduces the total amount of fees requested by 10% for a total of $518,409,54.

### 4. Post-Judgment Interest

Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory. *See Perkins v. Standard Oil Co.,* 487 F.2d 672, 674 (9th Cir.1973). "The purpose of awarding interest to a party recovering a money judgment is ... to compensate the wronged person for being deprived of the monetary value of the loss...." *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 756 (9th

Cir.1983); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 834(1990) ("the policy underlying the postjudgment interest statute [is] compensation of the plaintiff for the loss of the use of the money"). Costs of the loss of use of a money judgment should not be borne by the injured plaintiff, but by the "defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay." *Perkins,* 487 F.2d at 676; *see also Devex Corp. v. General Motors Corp.,* 577 F.Supp. 429, 433 (D.Del.1983) (reasoning that because money has time value, the only way to make a party whole is to award interest from the time the party should have received the money."), *aff'd,* 749 F.2d 1020 (3d Cir.1984), *cert. denied.*

Plaintiff seeks post-judgment interest at a rate of 4.08 percent from September 10, 2024, for a total of $2,386.52. [Motion at 23]. Defendant offers no arguments against an award of post-judgment interest. Given that post-judgment interest is "mandatory" on a district court, Plaintiff's request for post-judgment interest is **GRANTED**.

## IV. CONCLUSION

For the above reasons, Plaintiff's request for attorneys' fees, costs, and post-judgment interest under the Copyright Act and DMCA is **GRANTED** in the amount equal to $547,434.86.

**IT IS SO ORDERED.**