Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

A. Raymond Hamrick, III (SBN 93821)
aray@hamricklaw.com
Charles M. Coate (SBN140404)
ccoate@hamricklaw.com
Jonathan Dutton (SBN 272782)
jdutton@hamricklaw.com
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308
Attorneys for Defendants Steven Paul, Echo Bridge Acquisition Corp., LLC, and SP Releasing, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVEST AID, LLC, A California limited liability company,<br>Plaintiff,<br><br>v.<br><br>STEVEN PAUL, an individual, ECHO BRIDGE ACQUISITION CORP., LLC, a Delaware limited liability company, and SP RELEASING, LLC, a California limited liability company,<br>Defendants. | Case No.: 2:21-cv-04154-SSS-KS<br>*Honorable Sunshine S. Sykes*<br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

Plaintiff Harvest Aid, LLC and Defendants Steven Paul, Echo Bridge Acquisition Corp., LLC, and SP Releasing, LLC (collectively, "Defendants"), hereby submit this joint status report with each parties' position stated separately in response to the Court's May 20, 2026 Order (Dkt. 379).

**PLAINTIFF'S POSITION**

As this Court is aware, on October 8, 2024, Defendants filed Motions for New Trial ("Motions"). Dkt. 282, 283. Plaintiff then filed its Opposition to the Motions on October 18, 2024 (Dkt 293) and Defendants their Replies on October 25, 2024 (Dkt. 297, 298). As such, the Motions are fully briefed.

In light of the Ninth Circuit's Mandate (Dkt. 378), Plaintiff requests the Court to review the above-referenced briefing to determine whether it wishes to hear oral argument before ruling on the Motions, and then either set oral argument or just address the Motions on the briefing (as it deems appropriate).

Based on their disingenuous argument that there is "now confirmed utilization of Plaintiff of an undisclosed (and therefore unrebutted) expert witness at trial"[1] Defendants ask for supplemental briefing. But there has been no such "confirmation" of the use of any expert testimony, the issue was fully briefed as part of the new trial motion briefing, and this Court does not need the input of the parties to understand

---

[1] The only mention of expert testimony in the Ninth Circuit's Memorandum appears to be in fn.3 (Dkt. 377 at 7-8) which explains:

> Defendants contend that Harvest Aid is entitled only to $14,402.23, arguing that the $1,953.42 in costs associated with Greg Schoener's testimony is a non-recoverable expert witness fee. See C.D. Cal. R. 54-3.6. Defendants forfeited this objection by failing to raise it below. See One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1158 (9th Cir. 2009).

That is a summary of Defendants' argument, not a judicial finding.

and incorporate the findings of the Ninth Circuit panel. Defendants' request for further briefing long after the statutory deadline for their motion should therefore be denied.

Once the Motions have been decided, the Court should either set the case for a new trial (if one or both the Motions are granted) or enter an amended judgment (if the Motions are both denied) after which Plaintiff may file an updated attorneys' fees motion. In entering that amended judgment it appears from the Ninth Circuit's Memorandum that the award of Plaintiff's taxable costs should be decreased to the $16,355.65 requested in Plaintiff's initial memorandum of costs.[2]

**DEFENDANTS' POSITION**

Following the issuance of the Mandate in this case [DKT #378] the Memorandum issued by the Ninth Circuit on April 22, 2026 has become the law of the case. [DKT #377] In pertinent part, at page 6 of the subject Memorandum the Ninth Circuit ruled as follows: "Accordingly, we vacate the district court's order denying Defendants' motions for a new trial and remand so that the district court may consider the merits of Defendants' motions in the first instance." (Citation omitted.) The Memorandum, at pp. 6-7, also reversed in part the District Court's award of costs.

Preliminarily, the amount of the Amended Judgment [Dkt #359] is no longer accurate and has been reduced given the Ninth Circuit's reversal, in part, of the prior award of costs to Plaintiff. Accordingly, the Amended Judgment needs to be properly amended further and entered at this juncture in order to fully comply with the Ninth Circuit's Memorandum.

Importantly, however, the ruling and Mandate by the Ninth Circuit now confirms that Plaintiff was awarded reimbursement for Gregory Schoener's expert witness costs based upon Plaintiff's counsel's declaration under penalty of perjury confirming that Mr. Schoener was an expert witness. (*See* Dkt 271-1, ID#:4464,

---

[2] See Dkt. 377, p.7 ("As specified in its bill of costs, Harvest Aid incurred $16,355.65 in taxable costs.")

#4465; Dkt 271-17, ID#:4531.) Based upon the foregoing that the law of the case has now conclusively established that Defendants have been ordered to reimburse Plaintiff its expert witness costs.

On the other hand, Plaintiff previously and falsely represented to predecessor defense counsel and this Court that Gregory Schoener was not an expert witness. The Docket in this case further confirms that no F.R.C.P. Rule 26(a)(2) expert report for Gregory Schoener was ever filed or served by Plaintiff.

Defendants had requested in advance of the filing of this Joint Status Report that Plaintiff stipulate to the following before the status conference set for July 10, 2026, which was assigned to the District Court as a Stipulation and Order on in conjunction with the parties' obligations to jointly report to the Court by July 2, 2026:

> "The parties through their respective counsel now stipulate as follows: Gregory Schoener was an expert witness who testified on behalf of Plaintiff at trial, for whose expert witness costs Plaintiff was awarded reimbursement. No F.R.C.P. Rule 26(a)(2) expert report for Gregory Schoener was ever filed or served by Plaintiff in advance of his expert witness testimony at trial."

Plaintiff would not agree to stipulate.

Defendants respectfully submit that due to the exigence and lack of time to brief the previous motions for a new trial, and the now confirmed utilization of Plaintiff of an undisclosed (and therefore unrebutted) expert witness at trial, the need for supplemental briefing on these issues is necessary and in the interests of justice for the full consideration on the merits of whether a new trial is warranted for one or more of Defendants. (See F.R.C.P. Rules 37(c)(1) and 26(a), (e)). The ordered reimbursement of expert witness fee costs for an expert witness who was never disclosed and the lack of a mandatory expert report cannot be reconciled.

Plaintiff self-servingly suggests that this issue "was fully briefed as part of the new trial motion briefing," however, there was no briefing regarding the impact and

legal effect of Mr. Doniger's Declaration swearing to Plaintiff's entitlement to reimbursement for expert witness costs in the Motions for New Trial. (*See* Dkt 282, ID#:4653, Dkt 283, ID#:5876). This took place because during the hectic few days preceding the filing of the Motions for New Trial by newly-substituted defense counsel, and in light of the Court in granting predecessor counsel's emergency Ex Parte Application to withdraw (which also extended Defendants' time to oppose Plaintiff's Motions for Attorney's Fees), no time was devoted to review and evaluation of these issues for purposes of addressing them in the Motions for a New Trial. (Dkt 277, Page ID#:4617) Accordingly, Defendants respectfully submit that a supplemental briefing schedule should be ordered to completely address and fully brief all relevant issues regarding the Motions for New Trial, and that following such supplemental briefing that oral argument be held on Defendants' two separate motions for New Trial and any other issues raised by any of the above.

Dated: June 29, 2026

By: /s/ Stephen M. Doniger
Stephen M. Doniger
DONIGER / BURROUGHS
Attorneys for Plaintiff

Dated: June 29, 2026

By: /s/ A. Raymond Hamrick, III
A. Raymond Hamrick, III
Charles M. Coate
Jonathan Dutton
HAMRICK & EVANS, LLP
Attorneys for Defendants