UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04154-SSS-KSx | Date | July 6, 2026 |
| Title | *Harvest Aid, LLC v. Steven Paul, et al.* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER REGARDING JOINT STATUS REPORT [DKT. NO. 380]**

On April 22, 2026, the United States Court of Appeal for the Ninth Circuit vacated this Court's order denying Defendants' motions for a new trial and remanded it to this Court to consider the merits of the motions. [Dkt. No. 377, Mem. at 6]. The Ninth Circuit also reversed, in part, this Court's award of non-taxable costs. [*Id.* at 7–8].

At the Court's direction, the parties' filed a Joint Status Report. [Dkt. 380, J. Status Report]. In the report, Defendants claim that the Court must amend the judgment immediately and reduce the award of costs "in order to fully comply with the Ninth Circuit's memorandum." [*Id.* at 3]. The Court need not immediately amend the judgment for two reasons. First, the Ninth Circuit did not impose a deadline by which this Court must amend the judgment to reflect the reduced costs. Nor is the Court aware of any legal authority that requires it to do so, and Defendants offer none. Second, whether Harvest Aid is entitled to costs, even at a reduced amount, is an issue that must be resolved after Defendants' motions for new trial have been decided. That is because costs are only awarded to the prevailing party. 17 U.S.C. § 505. Thus, if Defendants are entitled to a new trial, Plaintiff Harvest Aid, LLC will no longer be the prevailing party and the judgment

must be vacated. Thus, an amended judgment that comports with the Ninth Circuit's decision will only be necessary if the motions for new trial are denied.

Defendants also request that the Court allow them to file supplemental briefing on whether Harvest Aid is entitled to costs based on Gregory Schoener's testimony because the Ninth Circuit confirmed that Schoener testified as an expert witness. [J. Status. Report at 3–4]. This argument is not well taken because the Ninth Circuit made no such representation. Rather, the Ninth Circuit rejected this exact argument, finding that Defendants "forfeited this objection by failing to raise it [before this Court]." [Mem. at 7 n.3]. To the extent that Defendants seek to raise this argument now, Defendants waived that argument by failing to raise it in their opposition. *See Pinkevich v. Thor Motor Coach, Inc.*, No. 2:22-cv-05985, 2022 WL 19333282, at *2 (C.D. Cal. Nov. 16, 2022) (finding party waived an argument by failing to raise it in opposition).

The Court, having previously received the parties' briefing on the motions for a new trial, [Dkt. Nos. 282–83], finds these matters appropriate for resolution without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 78-1. The motions for new trial are taken under submission.

The status conference for July 10, 2026, is **VACATED**.

**IT IS SO ORDERED.**